IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03327–WJM–KMT

MATTHEW BUNTING,

    Plaintiff,

v.

PREFERRED HOMECARE,

    Defendant.

**ORDER**

This matter is before the court on "Plaintiff's Motion to Strike Defendant's Non-Party Designations" (Doc. No. 13 [Mot.], filed January 24, 2013). Defendant filed its response on February 13, 2013 (Doc. No. 16 [Resp.]), and Plaintiff filed his reply on March 1, 2013 (Doc. No. 17 [Reply]).

*FACTUAL BACKGROUND*

In his Complaint, Plaintiff alleges on July 28, 2011, he was injured in an explosion while he was working for D.M.E. Solutions, Inc./Colorado Compressed Gases ("DME"). (Doc. No. 3, ¶ 1.) Plaintiff alleges DME maintains a 6000 gallon bulk liquid oxygen storage tank and sells liquid oxygen to vendors who then distribute smaller amounts of oxygen to individuals for medical purposes. (*Id.*, ¶ 9.) Plaintiff alleges an employee of the defendant drove a cargo van to DME in order to purchase and fill the van with approximately five gallons of liquid oxygen.

(*Id.*, ¶ 11.) Plaintiff alleges the van's pressure building valve was not operating correctly and was going to be repaired the next day. (*Id.*, ¶ 12.) Plaintiff alleges as he was preparing to fill the van with liquid oxygen, a flash fire exploded inside the liquid oxygen tank and erupted at multiple points within the van. (*Id.*, ¶ 17.) Plaintiff alleges he suffered extensive severe burns and other injuries. (*Id.*, ¶ 18.)

## *PROCEDURAL BACKGROUND*

On January 14, 2013, Defendant Preferred Homecare filed its Nonparty Designation pursuant to Colo. Rev. Stat. § 13-21-111.5. (Doc. No. 11 [Designation].) Defendant designated D.M.E. Solutions, Inc./Colorado Compressed Gases and The Liquid Oxygen Repair Facility. (*Id.*.) Plaintiff now moves to strike the Designation on the basis it violates the statute. (Mot.)

## *ANALYSIS*

Plaintiff argues that Defendant has failed to satisfy the requirements of Colo. Rev. Stat. § 13-21-111.5 because neither Designation contains a "statement of the basis for believing such nonparty to be at fault." (*See* Mot. at 3–4, 5.) Plaintiff also argues that Defendant has designated a nonparty at fault from whom he can only recover under the Workers' Compensation Act and not in tort. (*See id.* at 4.)

### 1. *Designation Under Colo. Rev. Stat. § 13-21-111.5*

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In Colorado, nonparty designations must be made by filing a notice including "such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances,

2

together with a brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b). The designation must contain facts sufficient to "satisfy all the elements of a negligence claim." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001); *see also Stone v. Satriana,* 41 P.3d 705, 709 (Colo. 2002) (interpreting *Redden* to require that designations "establish a *prima facie* case" against the nonparty). "In order to establish a *prima facie* case for negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, *i.e.*, that the defendant's breach caused the plaintiff's injury." *HealthONE v. Rodriquez ex rel. Rodriquez*, 50 P.3d 879, 888 (Colo. 2002).

> "[A] designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it . . . . At the very least, the designation must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault."

*Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1409–09 (D. Colo. 1993) (quoting *F.D.I.C. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)). A nonparty designation should be stricken as insufficient as a matter of law if the designating party fails to establish a *prima facie* case of negligence. *See Stone*, 41 P.3d at 709; *Redden*, 38 P.3d at 80–81.

### *A.   Designation of DME*

As to DME, Defendant's designation states that it

> failed to train the Plaintiff with respect to the filling of the tank at issue. They also failed to warn him about the dangers of the fill product and steps that needed to be taken to prevent events like this. D.M.E. also failed to insure that the Plaintiff was wearing appropriate personal protective and other safety equipment at the time of the incident.

(Designation, ¶ 1.)

This court finds that the heightened "brief statement" requirement specified by *Redden* does not require that the designation of DME be stricken. *See Redden*, 38 P.3d at 81 (recognizing that "the designation statute requires only a 'brief' statement, but that statement must show the non-party can be found legally at fault."). The court finds the Designation gives the plaintiff "sufficient notice of [DME's] conduct so that plaintiff can prepare to address it . . . ." *Resolution Trust Corp.*, 818 F. Supp. at 1408–1409. Further, the Designation clearly sets forth facts sufficient to permit the plaintiffs "to identify the transaction or occurrence which purportedly leads to [DME's] fault." *Id.*

Plaintiff argues that, because he cannot recover from his employer, DME, in tort, Defendant cannot designate DME as a nonparty tortfeasor. However, even an employer who is immune from suit, may be a nonparty designee so long as the employer owes a duty of care to the injured plaintiff. *See, e.g.*, *Williams v. White Mountain Constr. Co.*, 749 P.2d 423, 428–29 (Colo. 1988) (en banc) (recognizing an employer may be designated as a nonparty despite immunity from suit); *Miller v. Byrne*, 916 P.2d 566, 577–78 (Colo. App. 1995) ("[A] defendant will still only be 'liable' for such defendant's share of the whole 'liability' because it shoulders only the amount of negligence or fault that properly 'belongs' to it, while designated nonparties who owe a duty and but for immunity would be 'liable' to the plaintiff are charged with the balance.").

Plaintiff's motion to strike the nonparty designation of DME is denied.

### B.     *Designation of The Liquid Oxygen Repair Facility*

Defendant's Designation of The Liquid Oxygen Repair Facility states that the facility "modified the vessel post-manufacture, which changes caused or contributed to the event which is the subject of this lawsuit." (Designation, ¶ 2.) Defendant also states that it is "investigating to determine the identity of this company but discovery will be required to identify the company name and address." (Designation, ¶ 2.)

Plaintiff argues that the designation lacks the specificity needed to comply with Colo. Rev. Stat. § 13-21-111.5(3)(b). (Mot. at 5.) Defendant argues that it has provided the best identification possible at this time. (Resp. at 5–6.) The designation of an unknown tortfeasor is permissible as long as the designation otherwise complies with § 13–21–111.5(3). *See Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002); *see also Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 992) (stating that the best identification under the circumstances, which does not necessarily include the nonparty's name, is all that is required). Here, however, the court finds the Designation does not comply with the statute.

"[A] party cannot satisfy the requirement merely by reciting that it does not currently know the name of a potential nonparty." *Isham*, 782 F. Supp. at 530. Here, Defendant merely asserts that it does not know the true identity of the alleged nonparty tortfeasor. The *Isham* court also noted that

> [A] designation of non-parties is a pleading. As such, it is subject to the provisions of Fed. R. Civ. P. 11 requiring a reasonable factual investigation. Therefore, determination of whether the best identification possible has been made under the circumstances must take into account whether defendants conducted or could have conducted a reasonable investigation.

*Isham*, 782 F. Supp. at 529 (citations and quotations omitted). Defendant states that "[t]he vessel manufacturer, at the April 18, 2012 pre-suit inspection, indicated it had been modified." (*Id.*) Therefore, it is clear Defendant knew of the vessel modification in April 2012, eight months before Plaintiff's Complaint was filed and nine months before Defendant filed its Designation. In its response to Plaintiff's Motion, Defendant states that it owns the vessel to which it refers. (*See* Resp. at 6 ["Preferred's vessel had been modified at some point after manufacture."].) Thus, though Defendant contends that "discovery will be required to identify the [oxygen repair facility company's] name and address" (Designation, ¶ 2), the court finds there is no reason, with due diligence, Defendant could not have conducted a reasonable investigation of its own records in the nearly-eleven months since the pre-suit investigation, to identify the company.[1] It is disingenuous of Defendant to claim that discovery needs to be conducted, when it likely possesses records regarding any modifications to the vessel it owns, and extremely unlikely Plaintiff possesses the information.[2]

Plaintiff's motion to strike the nonparty designation of The Liquid Oxygen Repair Facility is granted.

**WHEREFORE**, for the foregoing reasons, it is

---

[1] The response is devoid of any assertion that the van previously was owned by another company or individual.

[2] The court notes that Federal Rules of Civil Procedure 33, 34, and 36 allow a party to serve discovery requests under these Rules only on another party.

**ORDERED** that "Plaintiff's Motion to Strike Defendant's Non-Party Designations" (Doc. No. 13) is **GRANTED** in part and **DENIED** in part. Plaintiff's motion to strike the nonparty designation of D.M.E. Solutions, Inc./Colorado Compressed Gases is **DENIED**. Plaintiff's motion to strike the nonparty designation of The Liquid Oxygen Repair Facility is **GRANTED**.

Dated this 12th day of March, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge