IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03327–RM–KMT

MATTHEW BUNTING,

    Plaintiff,

v.

PREFERRED HOMECARE,

    Defendant.

_____

## ORDER

_____

This case comes before the court on "Plaintiff's Opposed Motion to Amend His Civil Complaint and Jury Demand to Add Claims for Negligence *Per Se* and Exemplary Damages." (Doc. No. 28 [Mot.], filed May 17, 2013.) Defendant filed its response on June 7, 2013 (Doc. No. 34 [Resp.]), and Plaintiff filed his reply on June 21, 2013 (Doc. No. 36 [Reply]). This matter is ripe for ruling.[1]

---

[1] Motions to amend are widely considered non-dispositive motions because they are " 'pretrial matter[s] not dispositive of a claim or defense of a party' within the purview of Fed. R. Civ. P. 72(a)." *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir.1993) (citing *Walker v. Union Carbide Corp.*, 630 F. Supp. 275, 277 (D. Me.1986) and 28 U.S.C. § 636(b)(1)(A)); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Sprint Commc'ns L.P. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290, 1346 (D. Kan.2007); *Vandewalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F.Supp. 42, 48 (N.D.N.Y. 1996) ("Orders granting leave to amend are nondispositive, as they do not remove claims or defenses of a party." (citing Fed.R.Civ.P. 72)).

## I. Background

In his Complaint, Plaintiff alleges on July 28, 2011, he was injured in an explosion while he was working for D.M.E. Solutions, Inc./Colorado Compressed Gases ("DME"). (Doc. No. 3, ¶ 1.) Plaintiff alleges DME maintains a 6000 gallon bulk liquid oxygen storage tank and sells liquid oxygen to vendors who then distribute smaller amounts of oxygen to individuals for medical purposes. (*Id.*, ¶ 9.) Plaintiff alleges an employee of the defendant drove a cargo van to DME in order to purchase and fill the van with approximately five gallons of liquid oxygen. (*Id.*, ¶ 11.) Plaintiff alleges the van's pressure building valve was not operating correctly and was going to be repaired the next day. (*Id.*, ¶ 12.) Plaintiff alleges as he was preparing to fill the van with liquid oxygen, a flash fire exploded inside the liquid oxygen tank and erupted at multiple points within the van. (*Id.*, ¶ 17.) Plaintiff alleges he suffered extensive severe burns and other injuries. (*Id.*, ¶ 18.)

Plaintiff now moves to amend his complaint to add claims for negligence *per se* and exemplary damages. (*See* Mot.) Plaintiff also seeks to amend to "eradicat[e] the stand-alone claims of inherently dangerous activity and *res ipsa loquitur*" in his original complaint. (*See* Reply at 7.)

## II. Amendments Pursuant to Fed. R. Civ. P. 15(a)

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993)

(internal citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### A. Undue Delay

When evaluating opposition to a motion to amend based on undue delay, the Tenth Circuit focuses primarily on the asserted reasons for delay. *Minter v. Prime Equiip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Denial based on delay is appropriate "when the party filing the motion has no adequate explanation for the delay," or in instances where it appears the plaintiff utilizes Rule 15 to make the complaint "a moving target." *Id.* (citations omitted).

Defendant argues Plaintiff's proposed negligence *per se* claim fails because it is untimely. (Resp. at 11.) However, in the Scheduling Conference held on March 21, 2013, this court set a deadline of July 28, 2013, for joinder of parties and amendment to pleadings. (*See* Doc. No. 20 at 1; Doc. No. 21 at 10.) Thus, Plaintiff's motion is timely.

### B. Futility

Defendant also argues Plaintiff's proposed amendments would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and therefore are futile. (Resp. at 7–11.) Futility is an appropriate ground for denial of leave to amend under Rule 15. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### 1. Inherently Dangerous Activity

Defendant argues that Plaintiff's proposed amended complaint recites the legal elements of the inherently dangerous activity doctrine but does not allege any facts showing that the doctrine is applicable to this case. (Mot. at 9.)

The Colorado Supreme Court recognizes a theory of strict liability for ultra-hazardous or abnormally dangerous activities. *See Bayer v. Crested Butte Mountain Resort, Inc.*, 960 P.2d 70, 81 (Colo. 1998); *Mountain States Tel. & Tel. Co. v. Horn Tower Const. Co.*, 363 P.2d 175 (Colo. 1961) ("Since the emergence of negligence as an independent tort during the last century, fault has been a necessary ingredient of tort liability except in the area of ultra-hazardous activity."). One who engages in such activity is strictly liable for any damages proximately caused to other persons, land, or chattels by that activity. *See Cook v. Rockwell Int'l Corp.*, 181 F.R.D. 473, 486 (D. Colo. 1998).

Whether an activity is ultra-hazardous-thereby subjecting the actor to strict liability-is a question of law for a court to decide. *See King v. United States*, 53 F. Supp.2d 1056, 1076 (D. Colo. 1999), *rev'd in part on other grounds*, 301 F.3d 1270 (10th Cir.2002). In making such a determination, the Court looks to the factors outlined in Restatement (Second) of Torts § 520. *Id.* Analysis of these factors requires a particularized inquiry into the activity alleged to be ultra-hazardous or abnormally dangerous. *See Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1544 (10th Cir. 1992). This initial inquiry is a factual one that requires consideration of all the relevant circumstances. *See id.* As noted by the Tenth Circuit in *Daigle*, the requisite factors the

Court must consider under Restatement (Second) of Torts § 520 when determining whether a given activity is ultra-hazardous or abnormally dangerous are:

    (a)    existence of a high degree of risk of some harm to the person, land or chattels of others;
    (b)    likelihood that the harm will be great;
    (c)    inability to eliminate the risk by the exercise of reasonable care;
    (d)    extent to which the activity is not a matter of common usage;
    (e)    inappropriateness of the activity to the place where it is carried on; and
    (f)    extent to which its value to the community is outweighed by its dangerous attributes.

*See Daigle*, 972 F.2d at 1544. The presence of any one of these factors "is not necessarily sufficient of itself in a particular case, and ordinarily several of them will be required for strict liability. On the other hand, it is not necessary that each of them be present, especially if others weigh heavily." Restatement (Second) of Torts § 520 comment f.

In the proposed amended complaint, Plaintiff alleges, "Transporting compressed gas and liquid oxygen in the general stream of commerce poses a heightened risk of danger and injury to the general public due to the inherent nature of such business, even when the activity is undertaken in the ordinary or prescribed manner." (Doc. No. 29, ¶ 33.) Thus, the court finds Plaintiff has alleged the first requisite factor. Plaintiff makes conclusory allegations that Defendant owed the "highest degree of care" to Plaintiff and that Defendant breached that duty. (*Id.*, ¶¶ 34–35.) However, Plaintiff has failed to allege the remaining factors required to state a claim for an ultra-hazardous or abnormally dangerous activity. *See Daigle*, 972 F.2d at 1544. Even if Plaintiff had recited the factors in his proposed amended complaint, that would be insufficient, as "conclusory allegations without supporting factual averments are insufficient to

state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *See Bd. of Cnty. Comm'rs of Cnty. Of La Plata, Colo. v. Brown Group Retail, Inc.*, 598 F. Supp. 2d 1185, 1196 (D. Colo. 2009) (dismissing abnormally dangerous activity claim where the plaintiff merely recited the factors a court should consider without alleging specific facts in support).

Because Plaintiff's inherently dangerous activity claim would be subject to dismissal, his motion to amend his complaint in this regard is denied as futile.

### 2. *Res Ipsa Loquitur*

Defendant also argues that Plaintiff's *res ipsa loquitur* claim would be subject to dismissal for Plaintiff's failure to provide sufficient factual allegations.

*Res ipsa loquitur* is a rule of evidence that gives rise to a rebuttable presumption of the defendant's negligence, but it does not create a substantive claim for relief. *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1114 (Colo. 1991). Plaintiff has cured the deficiency in his original complaint by pleading reliance on the doctrine of *res ipsa loquitur* within his negligence claim. Allegations of specific negligence in a complaint do not preclude a plaintiff from relying upon the doctrine of *res ipsa loquitur*. *Weiss v. Axler*, 328 P.2d 88 (1958). By the same reasoning, a pleading which, as here, sets forth alleged acts of negligence and then pleads reliance upon the doctrine of *res ipsa loquitur* sets forth a viable claim for relief.

The essential elements of *res ipsa loquitur* are as follows:

> (1) The event is the kind which ordinarily does not occur in the absence of negligence, (2) other responsible causes, including the conduct of the plaintiff and

third persons, are sufficiently eliminated by the evidence, and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

*Montgomery Elevator Co. v. Gordon*, 619 P.2d 66, 68 (Colo. 1980). Upon a review of the proposed amended complaint, the court finds Plaintiff has sufficiently pleaded the requisite elements. As such, Plaintiff's motion to amend to assert reliance on the doctrine of *res ipsa loquitur* within his negligence claim is granted.

## II. Claim for Exemplary Damages

In his motion, Plaintiff argues the evidence in the case supports a *prima facie* case of willful and wanton conduct and seeks to amend his complaint to assert a claim for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102. (*See* Mot. at 6.) Plaintiff argues the defendant had an employee drive the van and fill is oxygen vessel at DME "without any regard to safety of the public at large, including Plaintiff and other employees and patrons of DME." (Mot. at 7.)

In Colorado, exemplary or punitive damages are available only by statute. The Colorado general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a), states as follows:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-

102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). Thus, in order for an amendment seeking exemplary damages to be proper, the Court must find Plaintiff establishes *prima facie* proof of a triable issue that Defendant purposefully behaved in a reckless manner "without regard to consequences, or of the rights and safety" of Plaintiff.

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court in & for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980). Plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite prima facie proof of a triable issue. *Id.*

According to the U.S. Department of Labor's Occupational Safety and Health Administration ("OSHA") Violation Worksheet attached to Plaintiff's motion, OSHA determined

> The employer was made aware by their own employee that there was an issue with the pressure builder valve leaking, or sticking open, on the middle bulk oxygen tank in vehicle #4. The initial action taken by management was to remove the tank from service and get it fixed. The following work day when the tank was taken to be serviced, another tank and vehicle failed DOT inspection. Management decided to have th tank and vehicle that failed DOT Inspection be serviced and put the tank with the faulty pressure builder valve be put back into service.

(Mot., Ex. B at 2.) OSHA also spoke to Defendant's Facility Manager, who

> stated that he was aware that the pressure valve was bad on the bulk oxygen tank system on vehicle #4. He stated that he planned to take it out of service but when another vehicle/tank had a bigger issue, he decided to continue using vehicle #4 rather than fixing both systems.

(*Id.* at 3.) OSHA cited the defendant for their failure to remove the oxygen tank system from service following discovery of the defective pressure building valve and for failure to train its employees on the hazards associated with filling oxygen cylinders and working in an oxygen enriched environment. (Mot., Ex. A.)

Defendant argues that Plaintiff has failed to demonstrate *prima facie* entitlement to exemplary damages. However, the court finds that the exhibits attached by Plaintiff to his Motion demonstrate to the court that, at the least, a factfinder should have the opportunity to decide whether Defendant's alleged conduct rises to the level of willful and wanton conduct. Pursuant to the standard prescribed by Colo. Rev. Stat. § 13-21-102, the court finds Plaintiff establishes *prima facie* proof of a triable issue of exemplary damages.

The court emphasizes to the parties that this order does not address the merits of awarding exemplary damages, nor does this order pre-adjudicate the alleged culpability of Defendant. The court simply recognizes that Plaintiff's claim is properly supported with evidentiary materials and should be permitted to proceed as a triable issue.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Opposed Motion to Amend His Civil Complaint and Jury Demand to Add Claims for Negligence *Per Se* and Exemplary Damages." (Doc. No. 28) is

**GRANTED** in part and **DENIED** in part.  Plaintiff's motion to amend is **DENIED** as to his inherently dangerous activity claim and **GRANTED** in all other respects.  It is further

**ORDERED** that Plaintiff shall file his Amended Complaint, in conformity with this Order, on or before **October 4, 2013**.

Dated this 1st day of October, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge