IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03327–RM–KMT

MATTHEW BUNTING,

Plaintiff,

v.

PREFERRED HOMECARE,

Defendant.

---

## ORDER

---

This matter is before the court on a review of costs and attorney's fees submitted by

Plaintiff, Matthew Bunting, in connection with the award pursuant to Fed. R. Civ. P. 37 granted by

the court on January 27, 2014.   *See* Courtroom Minutes ("Minutes") [Doc. No. 72].   Plaintiff was

awarded costs "incurred in making the motion [Doc. No. 56], including attorney's fees. . . . [and]

the fees and extra expenses incurred, if any, to bring the matter to Plaintiff's experts' attention, as

stated on record."   *Id*.   Following that hearing, Plaintiff thereafter filed his itemization of costs in

the amount of $14,970.00 ("Itemization").   [Doc. No. 72.]   Defendant objects to the calculation

of fees.   [Doc. No. 78.]

In *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998), the Tenth Circuit

reviewed the approach to be used in calculating an award of attorney's fees, stating

> To determine the reasonableness of a fee request, a court must begin by calculating
> the so-called "lodestar amount" of a fee, and a claimant is entitled to the

presumption that this lodestar amount reflects a "reasonable" fee. The lodestar
calculation is the product of a number of attorney hours "reasonably expended" and
a "reasonable hourly rate."

*Id*. (internal citations omitted.)    The analysis has two components: first, whether the hours

billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate

charged "is the prevailing market rate in the relevant community."    *Guides, Ltd. v. Yarmouth*

*Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir.2002).    A party seeking an award of

attorney's fees must establish the reasonableness of each dollar and each hour for which the party

seeks an award.    *Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995).

    The first objection raised by the Defendants is that the Itemization does not comply with

D.C.COLO.LCivR 54.3 which requires that any motion for attorney fees shall be supported by

affidavit and shall include for each person for whom fees are claimed, "(1) a summary of relevant

qualifications and experience; and (2) a detailed description of the services rendered, the amount

of time spent, the hourly rate charged, and the total amount claimed."    Plaintiff's Itemization is

not supported by Affidavit nor does it list a summary of relevant qualifications and experience for

billing attorneys; in fact, it does not even identify the billing attorneys by name.

    The court has already awarded attorney fees and costs to the Plaintiff as sanction against

the Defendant.    The court will therefore excuse Plaintiff from strict compliance with Rule 54.3.

However, the Plaintiff's Itemization is so lacking in the specificity that it is difficult to properly

analyze the request.    The itemization identifies billing attorneys only by initials without any

reference to history or background.    The attorney who signed the Itemization is Lukasz "Luke"

Puszynski. [Doc. No. 76 at 5.]    Therefore the court may infer that the attorney referenced as LJP

[2]

on the billing table is Lukasz Puszynski.

A check of the public records of the Colorado Supreme Court indicates that Mr. Puszynski was admitted to the bar on May 29, 2012, is listed as active, however his license is flagged as being non-compliant with the requirement to provide information about his professional liability insurance coverage.

The other billing attorney is referenced on as JWJ.   Jason William Jordan is an attorney of record in this case and, in fact, Mr. Jordan actually argued the motion at the January 27, 2014 hearing, however Mr. Jordan did not sign the Itemization.   The failure to identify the attorneys working on the case and the failure to comply with the basic precept of substantiating the attorney's billing rate does not carry the Plaintiff over its burden of proof and certainly dissuades the court from awarding fees for **two** unsubstantiated billing attorneys.   Therefore, no attorney fees will be awarded in connection with billings attributable to unidentified JWJ.

## A.   *Hourly Rate*

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.   *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996).   The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community."   *Elias v. Univ. of Kan. Med. Ctr.,*163 F.3d 1186, 1203 (10th Cir. 1998).   Since the court has no other information to assist in evaluating Mr. Puszynski's qualifications, the court will reference the allowable billing rate for attorneys appointed under the Criminal Justice Act, Title 18 U.S.C. § 3006(A) to represent indigent defendants appearing in

[3]

federal district court.   That rate is $126.00 per hour.   The court finds that this is the reasonable

and prevailing market rate for lawyers of comparable skill, experience, and reputation, even while

recognizing that attorneys admitted to this court's Criminal Justice Act Panel often have far more

experience than a bar admission in 2012 would suggest would inure to Mr. Puszynski.

Nonetheless, in this court's experience, a billing rate of $126.00 per hour is on the low end for any

licensed attorney in this state and, since Mr. Puszynski is undisputedly an licensed attorney in

Colorado, that rate is reasonable.   *See Praseuth v. Rubbermaid, Inc*., 406 F.3d 1245, 1259 (10th

Cir. 2005) (court may rely on its knowledge of rates for lawyers with comparable skill and

experience practicing in the subject District.)

### B.     *Hours Expended*

In determining the reasonableness of the hours expended, a court considers several factors.

First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client.   *See*

*Ramos v. Lamm,* 713 F.2d 546 (10th Cir. 1983) *overruled on other grounds by Penn. v. Del. Valley*

*Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987) (*Ramos'* impermissibly allowed a

risk of loss enhancement to lodestar).   Plaintiff must demonstrate that his counsel used "billing

judgment" in winnowing down the hours actually spent to those reasonably expended.   *Praseuth*,

406 F.3d at 1257.   If not, a court should take extra care to ensure that an attorney has not included

unjustified charges in his billing statement.   *Id*.   A court should also consider whether the amount

of time spent on a particular task appears reasonable in light of the complexity of the case, the

strategies pursued, and the responses necessitated by an opponent's maneuvering.   *Id*.

Ultimately, the court's goal is to fix a fee that would be equivalent to what the attorney would

[4]

reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553.

Mr. Puszynski attributed 20.66 hours expended over four days to discuss the Erickson incident report and to research, analyze, write and edit Plaintiff's Motion for Sanctions. Mr. Puszynski attributed 12.5 hours expended over four days to research, analyze, write and edit Plaintiff's Reply. The court considers both these time amounts to be inflated, likely as a result of the inexperience of the billing attorney. "When counsel is inexperienced, a losing party should not be obligated to pay for that counsel's legal education." *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1202-05 (10th Cir 1986). Therefore, the amount of time allowable for preparation of the Motion will be 16 hours and 10 hours will be allowed for the Reply. Mr. Puszynski attributed 1.75 hours to preparing for and attending the January 27, 2014 hearing, however he was not even listed on the Minutes as being in attendance. (Minutes [Doc. No. 72].) This time is disallowed. Mr. Puszynski attributed 3.75 hours to preparing the Itemization. The court will decrease the amount allowable to preparing the itemization to 1.00 hour because of the poor compliance with the requirements for submission of requests for attorney fees and the fact that the preparation must have largely consisted of simply collating billing data into a table - a non-compensable clerical task. *See Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989). Finally, Mr. Puszynski's claim for one hour to work on a motion to file a brief in excess of established page limitations is denied.

Further, Mr. Puszynski attributed .33 hours to discussion with his experts Barry Newton and John Schumacher regarding the content of the Erickson incident report. He likewise included

billing for the same .33 hours for both experts at their billing rates for a total of $194.00 payable to the experts as allowed by the court's previous order.

The total hours allowed by the court as Mr. Puszynski's reasonably attributable attorney fee hours are 27.33.

### C.  Lodestar Amount

Based on the aforementioned conclusions, the court finds that the lodestar figure for plaintiff's attorney's fees is $3,443.58 (27.33 hours multiplied by a $126.00 hourly rate).   The court further finds that no special circumstances exist here to warrant an adjustment of the lodestar amount.  *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.,* 616 F.3d 1098, 1102 (10th Cir. 2010) (stating that the lodestar amount is "presumptively reasonable").   This fee award is reasonable given the issues presented in this case and it is also adequate to attract competent counsel to similar cases without producing a windfall for attorneys.   *Blum v. Stenson,* 465 U.S. 886, 893-94 (1984).

Additionally, the court will allow the $194.00 in extra expenses involving the Plaintiff's experts.   Therefore the total award of costs and fees awarded to Plaintiff to be paid by Defendant is **$3,637.58**.

It is **ORDERED**

Defendant Preferred Home Care shall pay to Plaintiff the total sum of $3,637.58 within 30 days of the entry of this Order as sanctions pursuant to Fed. R. Civ. P. 37 and as ordered by the court on January 27, 2014.

Dated this 26th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

[7]